# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 12, 2014

Mr. T. Joseph Seward
Cummings, McClorey, Davis & Acho
33900 Schoolcraft Road
Livonia, MI 48150

      Re: Case No. 14-2019, *Shoshana Hebshi v. USA, et al*
        Originating Case No. : 4:13-cv-10253

Dear Counsel,

 The briefing schedule for this case is listed below. The briefs must be filed electronically with the Clerk's office no later than these dates. If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

 Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages. Consult 6 Cir. R. 28(a)(1) for additional information.

| | |
|---|---|
| Appellant's Principal Brief<br>Appendix (if required by 6th<br>  Cir. R. 30(a) and (c)) | Filed electronically by **September 24, 2014** |
| Appellee's Principal Brief<br>Appendix (if required by 6th<br>  Cir. R. 30(a) and (c)) | Filed electronically by **October 27, 2014** |
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **17** days after<br>the appellee's brief is filed.<br>See Fed. R. App. P. 26(c) |

 For most appeals, the Court will access directly the electronic record in the district court. However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard. *See* 6 Cir. R. 34(a). If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict. If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

                                                          Sincerely yours,

                                                          s/Roy G. Ford
                                                          Case Manager
                                                          Direct Dial No. 513-564-7016

cc:  Ms. Lynn Marie Dodge
      Mr. Alan B. Havis
      Ms. Kathryn Bruner James
      Ms. Lindsey A. Kaczmarek

Enclosure

**CHECKLIST FOR BRIEFS**

ECF FUNDAMENTALS:

\_\_\_    Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings
\_\_\_    PDF format required
\_\_\_    Native PDF format strongly preferred
\_\_\_    In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.
\_\_\_    Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1).

COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):

\_\_\_    Sixth Circuit case number
\_\_\_    Heading: "United States Court of Appeals for the Sixth Circuit"
\_\_\_    Title of case
\_\_\_    Nature of proceeding and name of court, agency or board below
\_\_\_    Title of brief (example "Appellant's Brief")
\_\_\_    Name(s) and address(es) of counsel filing the brief

CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):

\_\_\_    Corporate Disclosure Form
\_\_\_    Table of Contents
\_\_\_    Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)
\_\_\_    **Statement in support of oral argument** (if there is no statement, argument is waived)

\*\*\*Page limitation, word or line count begins here. See Fed. R. App. P. 32(a)(7)

\_\_\_    Jurisdictional statement
\_\_\_    Statement of issues
\_\_\_    Statement of the case, setting out the relevant facts and history with references to the record

> When referring to a district court record, the citation must include: (1) a brief description of the document; (2) the docket entry number of the document; and (3) the Page ID # range for the relevant pages. See 6 Cir. R. 28 for additional information on how to reference appendices or administrative records in other appeals. Examples:
>
> Motion for Summary Judgment, RE 24, Page ID # 120-145
> Transcript, RE 53, Page ID # 675-682
> Plea Agreement, R. 44, Page ID # 220-225
> A.R., RE 5, Page ID # 190-191, pp. 69-70

___   Summary of argument

___   Argument **with references to record and citations to case law, statutes and other authorities**. The preferred format is that references and citations appear in the body of the text and not in footnotes.

___   Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

___   Signed conclusion
      Signature format is: s/(attorney's name)
      Graphic or other electronic signatures discouraged
      ***Page limitation, word or line count ends here

___   A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

___   Dated Certificate of Service

___   **Designation of Relevant District Court Documents with Page ID # range**

___   Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix.

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

___   Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New)

      Times New Roman at 14 point    `Courier New at 12 point`

___   Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)

___   Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)

___   Briefs using the 14,000 word or 1300 line limits must include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C)).

___   Headings, footnote and quotations count toward word or line limitations

| | |
|---|---|
| ___ | For Death Penalty briefs, see 6 Cir. R. 32(b)(2) |
| ___ | For Cross-Appeals, see Fed. R. App. P. 28.1 |
| ___ | For Amicus briefs, see Fed. R. App. P. 29 and 32 |

MISCELLANEOUS:

| | |
|---|---|
| ___ | Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted. |
| ___ | Footnotes must be same sized text as body of brief. |